114 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LETRO PRODUCTS, INC., Plaintiff-Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Defendant-Appellee
 No. 96-55219.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1997.
Decided May 21, 1997.
 
 Before: MAGILL,* RYMER and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Letro Products, Inc. ("Letro") appeals the district court's grant of summary judgment in favor of Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance Company (collectively "Liberty Mutual") and the court's denial of Letro's partial motion for summary judgment. The court determined that Liberty Mutual had no duty to defend Letro under the "advertising injury" clause of Letro's comprehensive general liability ("CGL") policy against claims of trademark and trade dress infringement brought by Polaris Pool Systems, Inc. ("Polaris"). We reverse and remand for entry of summary judgment in favor of Letro on the First Cause of Action (Breach of Contract). Summary judgment was also granted on Letro's Second Cause of Action (Breach of the Covenant of Good Faith and Fair Dealing), but no appeal was taken with respect to that claim.
 
 
 3
 To prove that Liberty Mutual has a duty to defend Letro in the Polaris action, Letro must establish that the Polaris complaint potentially seeks damages within the coverage of its CGL policy. Montrose Chem. Corp. v. Superior Court, 6 Cal.4th 287, 295, 24 Cal.Rptr.2d 467, 471, 861 P.2d 1153, 1157 (1993) (quoting Gray v. Zurich Ins. Co., 65 Cal.2d 263, 275, 54 Cal.Rptr. 104, 112, 419 P.2d 168, 176 (1966)). Letro argues that the "advertising injury" clause of its CGL policy insures it against Polaris's claims of trademark and trade dress infringement. That clause provides that Liberty Mutual "will pay those sums that [Letro] becomes legally obligated to pay as damages because of ...' advertising injury' " that is "caused by an offense committed in the course of advertising your goods, products or services." "Advertising injury" is defined in the CGL policy as
 
 
 4
 injury arising out of one or more of the following offenses:
 
 
 5
 a. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
 
 
 6
 b. Oral or written publication of material that violates a person's right of privacy;
 
 
 7
 c. Misappropriation of advertising ideas or style of doing business; or
 
 
 8
 d. Infringement of copyright, title or slogan.
 
 
 9
 After the briefs were submitted in this appeal, a California appellate court decided that the "advertising injury" coverage provided under a CGL policy identical to Letro's policy extends to claims of trademark infringement. Lebas Fashion Imports of USA v. ITT Hartford Ins. Group, 50 Cal.App.4th 548, ----, 59 Cal.Rptr.2d 36, 38 (1996). When there is no ruling from the highest court of the state, "a federal court is obligated to follow the decisions of the state's intermediate appellate court" unless there is convincing evidence that the highest court of the state would decide the matter differently. Lewis v. Telephone Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir.1996) (quoting In re Kirkland, 915 F.2d 1236, 1239 (9th Cir.1990)). Because we do not believe there is "convincing evidence" that the California Supreme Court would decide this issue differently than did the California appellate court in Lebas, we follow that decision and hold that claims for trademark infringement are potentially covered under the "advertising injury" clause of a CGL policy.
 
 
 10
 Liberty Mutual argues that even though the underlying Polaris complaint alleges the requisite advertising injury, the injury did not arise in the course of advertising, as required by the policy. The CGL policy covers the insured only for " 'advertising injury' " that is "caused by an offense committed in the course of advertising [its] goods, products or services." California law requires that "advertising injury" must have a causal connection with the insured's "advertising activities" before there can be coverage. Bank of the West v. Superior Court, 2 Cal.4th 1254, 1277, 10 Cal.Rptr.2d 538, 553, 833 P.2d 545, 560 (1992). As Lebas explains, advertising is one of the ways in which trademark infringement occurs, thus satisfying the Bank of the West causal nexus. 50 Cal.App.4th at ----, 59 Cal.Rptr. at 41. In this respect, Polaris's complaint clearly alleges injury arising out of Letro's advertising activities. Among other claims, the complaint alleges that Letro "markets and advertises" its allegedly infringing pool cleaners in promotional materials and trade pieces, and that Letro "has adopted trade literature with photographs of [Polaris's] commercial products arranged to flank-and be commingled with [Letro's] pool cleaner ... and used the trade literature for purposes of advertising, marketing and selling [Letro's] imitation pool cleaners." Letro "has adopted trade literature with photographs of [Polaris's] pool cleaners that embody [Polaris's] distinctive product configuration and trade dress ... and has used the trade literature for purposes of advertising, marketing and selling [Letro's] imitation pool cleaners." This is sufficient to satisfy the Bank of the West causal nexus test.
 
 
 11
 For these reasons, Liberty Mutual had a duty to defend Letro in the Polaris action under the CGL policy. Because of this and because Letro abandoned the issue on appeal, we need not decide whether Liberty Mutual had a duty to defend under the excess policy. We reverse the district court's grant of summary judgment to Liberty Mutual on the First Cause of Action (Breach of Contract) and the denial of Letro's Motion for Partial Summary Judgment. We remand with instructions for the district court to enter summary judgment in favor of Letro and to decide the issue of damages proximately caused by the breach of contract.
 
 
 12
 REVERSED IN PART AND REMANDED.
 
 
 
 *
 Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3